## Samuel Dickson v. The Kewanee Electric Light & Motor Co.

1. CITIES AND VILLAGES—*Electric Wires in Streets.*—Section 62, Ch. 24, R. S., entitled "Cities, Villages and Towns," gives to cities and villages the right to regulate the use of the streets. Under such power a city or village may grant to persons or companies the right to erect poles and wires to supply electric light to consumers.

2. STREETS—*Moving Houses.*—Moving a house along a public street is not within the rights enjoyed by the public, as a use of the public streets.

3. EVIDENCE—*Books of Account.*—Items of account contained in books, offered in evidence, not made in the regular course of business, are not to be regarded as evidence.

Memorandum.—Assumpsit for services rendered. Appeal from the Circuit Court of Henry County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

*Instructions discussed in the opinion of the court :*
No. 1. The jury are instructed that cities and villages incorporated under the general laws of this State have exclusive control of the streets and alleys within their corporate limits, and that the corporate authorities have the right to regulate the use of such streets and alleys, and

to grant the right to use such streets and alleys for such purposes of public utility as shall not interfere with the customary or ordinary use of such streets and alleys for the purpose of public travel; and if the jury believes from the evidence that the plaintiff in this case was maintaining a system of electric wires on some of the streets and alleys of the village of Kewanee in pursuance of and in accordance with the requirements of an ordinance of said village, and that the wires were strung more than twenty feet above the ground where they cross the streets, that the plaintiff's wires were lawfully upon said streets and alleys, and that the plaintiff was not under obligations to remove such wires at the instance of the defendant for the purpose of allowing him to move a building along the streets, without compensation therefor.

No. 2.   The jury are instructed that the use of a street for moving houses is not within the rights enjoyable by the public in a public street, and if the jury believe from the evidence that the wires of the plaintiff, where the same cross the streets and alleys of said village, were erected in accordance with the provisions of an ordinance of such village, that the same could not be considered an obstruction to the defendant in the moving of houses along such streets and alleys, and that if the wires of the plaintiff were removed at the instance or request of the defendant, that the plaintiff is entitled to recover for such services whatever the jury believe from the evidence the services were reasonably worth.

No. 4.   The court further instructs you that as to whether the items charged in the books were so charged in the regular course of business is a question for you to consider, and to determine this question you have a right to examine said book, and if anything about the books and the way the accounts were kept and the evidence in the case convinces you that such items were not made in the regular course of business, then and in that case you may disregard the books as evidence.

The opinion states the case.

C. C. WILSON, attorney for appellant.

WILLIAM LAWSON, attorney for appellee.


MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant on an account for services rendered to him, as it claimed, in taking down and removing, and again replacing its wire used for the conducting of electricity for lighting the village, which had been strung across a street crossing in the village, and was in the way of appellant, who was a house mover, and was about to move a large house along the streets of the village, from one locality to another.

The appellant demanded its removal of the wire of appellee, and appellee refused to remove it without pay, and appellee claims the appellant promised to pay for the expense.

The defense to the action was that the wire was a wrongful obstruction to the street, and especially to him, in his business. There was evidence tending to support appellee's contention as respects appellant's promise to pay for the expenses incurred in removing the wire.

The agent of the appellee, Wood, testified to having a conversation with the son of appellant, just prior to the time the work in removing and replacing was done, in which this conversation occurred: " Now you must pay for it (the removing the wire which the son threatened to move) if we cut those wires," and in reply he said, " All right, go ahead; I want it done pretty soon." The appellee cut the wire so that the building could be moved along the street. The building was quite large, twenty-five feet high. It was moved by capstan, horses and ropes. James K. Blish was secretary of the electric light company, in January, 1891, and kept the accounts of the company and heard the same conversation and testified to about the same in substance about appellant's son promising to pay for cutting the wire. The appellee had a charter for twenty years from the village, to erect and maintain its wire, and conditioned among other things that " none of the main wires as conductors, should be less than twenty feet from the ground at the crossing of any street or alley," etc.

The appellant questions the right of the village to allow the putting up the wires, but we think its charter allows it. Chapter 24, Article 5, R. S., gives the village the right to regulate the streets, which the legislature had power to do. McCartney v. C. & E. R. R. Co., 112 Ill. 611. Under such power it has been held a city or village may grant the right to erect poles and wires to supply electric light to consumers. U. S. Te. Co. v. Guernsey et al., 46 Mo. App. 120.

The evidence sustains the verdict on the height of the wire. It is sufficiently proven with or without the book of

account, which we think, however, was admissible; the evidence of Buchanan and Barney & Wood, sufficiently showed its correctness. The rendering of the services and the entries were made in due course of business. In instructions Nos. 1 and 2, the jury were told in substance that appellee had the right to place wire in the street if allowed by corporate authority, if it did not interfere with the ordinary use of the public in the streets, and that removing the house along the streets was not within the rights enjoyable by the public as a use of the public streets. As authority for last proposition see N. Y. & N. J. Telegraph Co. v. Dexheimer, 14 N. J. Law Reports, 295; Penn. Tel. Co. v. Varnan, 15 Atlantic Reporter, 624. The fourth instruction complained of seems to have been given for appellant, but does not incorrectly state a principle of law. It is, if the evidence in the case convinced the jury that the items in the book were not made in the regular course of business, then the book must be disregarded as evidence. But we think the amount of the work in removing the wires and replacing them by appellee was abundantly proved to be the amount of the verdict.

There was no reversible error in refusing appellant's instructions refused.

Seeing no serious error in the record, the judgment is affirmed.